```
                    Environmental Court of Vermont
                           State of Vermont
================================================================================
              E N T R Y   R E G A R D I N G   M O T I O N
================================================================================
```

**Champlain Marina Dock Expansion**                    Docket No. 28-2-09 Vtec

**Project: Expansion of water-borne docks, to accommodate larger boats**

**Applicant:   Champlain Marina, Inc.**
              **(Appeal from DEC determination on lake waters encroachment**

**Title: Motion to Compel Documents Requested 6/2/10 (Filing No. 17)**

**Filed:       June 9, 2010**

**Filed By: Cielo Marie Mendoza, Attorney for Agency of Natural Resources**

**Response in Opposition filed on 06/11/10 by Appellants "Save the Bay"**

**Response in Support filed on June 15, 2010 by Cross-Appellant CMI**

**Reply filed on June 15, 2010 by ANR**

**Sur-reply in Opposition filed on June 15, 2010 by Appellants "Save the Bay"**


___ Granted              _X_ Denied                 ___ Other

By its June 9, 2010 Motion to Compel, the Vermont Agency of Natural Resources ("ANR") seeks an order from the Court compelling Appellant Save the Bay to produce documents requested on June 2, 2010.  Specifically, ANR requests any documents or communications "regarding this case and any and all issues on appeal" between (1) Save the Bay and amicus curiae Vermont Natural Resources Council ("VNRC") and (2) Save the Bay and the Environmental and Natural Resources Law Clinic ("ENRLC"), which represents VNRC.  ANR also requests all documents that Save the Bay plans to use, in conjunction with VNRC or ENRLC, as exhibits in direct or cross examination of any witness.  We DENY ANR's motion for the following reasons.

ANR requests information protected by the attorney-client privilege, which is outside the scope of discoverable material. V.R.C.P. 26(b)(1).  The attorney-client privilege protects confidential communications made for the purpose of obtaining or rendering professional legal services.  V.R.A.P. 502(b).  Protected communications include those made between a client (or his lawyer) and another lawyer (or that lawyer's representative) who represents another party in a pending action and concerning a matter of common interest therein.  Id. at (b)(3).  The "community-of-interest rule" allows attorneys representing clients with similar interests to share information without having to disclose it to others, thereby protecting the free flow of information between parties who have decided to undertake a joint strategy in order to protect their shared interest.  See generally, In re Teleglobe Communications Corp., 493 F.3d 345, 363-66 (3d. Cir. 2007); U.S. v. Schwimmer, 892 F.2d 237, 243-44 (2d. Cir. 1989).

Here, Save the Bay and VNRC have agreed to collaborate in protecting their shared interest concerning the legal issues of what constitutes the public good and the public trust in Lake Champlain.  Any communications involving the rendition of legal advice between Save the Bay, VNRC, ENRLC, and their respective attorneys, are therefore privileged.  Communications directly between Save the Bay and VNRC are likewise privileged.  See Post v. Killington,

262 F.R.D. 393, 399 (D.Vt. 2009) (extending the privilege to communications between clients despite absence of attorneys).

The requested materials were also "prepared in anticipation of litigation or for trial" and therefore constitute attorney work-product, which is only discoverable upon a showing of "substantial need" for the materials and the inability to obtain the information through other means without "undue hardship." V.R.C.P. 26(b)(3). ANR has provided no such showing in their request for any communications related to the issues on appeal in this litigation.

In demanding communications between attorneys and clients involved in this case, which were made in preparation for the trial, ANR requests materials outside the scope of discovery. Compelling Save the Bay to produce such documents would have a chilling effect on the free flow of communication between attorneys and clients who share a common interest in a pending litigation, undermining the attorneys' ability to provide effective legal representation. Accordingly, ANR's Motion to Compel is DENIED.

_____        \_\_\_June 16, 2010\_\_\_
        Thomas S. Durkin, Judge                         Date
==============================================================================
Date copies sent to: _____         Clerk's Initials _____
Copies sent to:

   Stephen A. Reynes, Attorney for Appellants "Save the Bay":  Thomas and
      Margaret Battey, David R. Wood, Kenneth Brown, Marlene Williamson, Laurel
      Butler, Deborah Rabideau, Wes Weaver, Dennis Reichardt, Linda Jackman,
      Sam Jackman, Renae Hance, John P. Louchheim, John R. Louchheim, Lindsey
      Louchheim, Susan R. Louchheim, Stephen C. DePasquale, Jr., Kathryn J.
      DePasquale, Beverly I. Watson, Gordon A. Watson, Bruce Bouchard, Michelle
      Bouchard, Joseph H. Boyd, Ann Burzynski, Neil Metzner, Frank Shea, and
      Catherine Rush.

   Craig Weatherly, Attorney for Cross Appellant Champlain Marina, Inc.

   Cielo Marie Mendoza, Attorney for the Vermont Agency of Natural Resources

   David K. Mears, Attorney for Petitioner to Intervene, VNRC

   Jon Groveman, Esq., co-counsel for VNRC

   John H. Hasen, Attorney for Vt. Natural Resources Board (FYI purposes only)